```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                    Civil No. 13-cv-006-LM
                                              Opinion No. 2014 DNH 039

Robert P. Woodruff (individually)
and d/b/a Arrow Painting, and
Patricia Woodruff

## O R D E R

The United States of America ("the United States" or "the government") has sued to reduce to judgment unpaid federal tax assessments against Robert Woodruff (Count I), and to enforce tax liens against all of Woodruff's property, including real property located at 65 Valley Street, Keene, New Hampshire (Count II). Before the court is the government's motion for summary judgment. Woodruff has not objected. For the reasons that follow, I grant the government's motion.

### The Legal Standard

"Summary judgment is warranted where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" McGair v. Am. Bankers Ins. Co. of Fla., 693 F.3d 94, 99 (1st Cir. 2012) (quoting Fed. R. Civ.

P. 56(a); citing Rosciti v. Ins. Co. of Penn., 659 F.3d 92, 96 (1st Cir. 2011)). "In determining whether a genuine issue of material fact exists, [the court] construe[s] the evidence in the light most favorable to the non-moving party and make[s] all reasonable inferences in that party's favor." Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 30 (1st Cir. 2011) (citing Flowers v. Fiore, 359 F.3d 24, 29 (1st Cir. 2004)).

### Discussion

Woodruff did not respond to a set of requests for admissions propounded by the government, nor did he object to the government's motion for summary judgment. Accordingly, the facts upon which the court relies in the following discussion are either admitted, see Fed. R. Civ. P. 36(a)(3), or deemed admitted, see LR 56.1(b).

With regard to the claim stated in Count I, Woodruff has admitted that: (1) he failed to fully pay his federal income-tax liabilities for the years ending December 31, 1999, 2000, 2001, 2002, 2003, 2006, 2007, 2008, 2009, and 2010; (2) he failed to fully pay his federal employment-tax liabilities for the quarters ending December 31, 2002, June 30, 2008, December 31, 2008, June 30, 2009, September 30, 2009, and December 31, 2009; (3) assessments were made against Woodruff by a delegate of the

Secretary of the Treasury for unpaid federal income taxes, unpaid federal employment taxes, penalties, and interest; (4) as of December 15, 2013, the balance due on the assessments related to federal income taxes was $132,136.11; and (5) as of that same date, the balance due on the assessments related to federal employment taxes was $14,892.64.

With regard to the government's request, in Count II, for enforcement of tax liens on the real property located at 65 Valley Street, Woodruff has admitted that: (1) he acquired the property in August of 1990; and (2) in February of 2012, he conveyed it, by quitclaim deed, to himself and Patricia Woodruff, as joint tenants with rights of survivorship.  In accordance with 26 U.S.C § 6323(f), delegates of the Secretary of the Treasury filed Notices of Federal Tax Liens against 65 Valley Street on nine occasions between November of 2005 and January of 2012.  Several of those Notices were refiled, none later than January of 2012.

Based upon the foregoing, the United States seeks the following relief: (1) "a judgment against Woodruff in the amount of [$147,028.75], plus interest and other statutory additions from January 1, 2013," Compl. (doc. no. 1) 9; (2) a judgment that its tax liens against 65 Valley Street are valid; (3) an

3

order stating that it may enforce those liens through a judicial sale; and (4) its costs of litigation.

### A. Count I

Count I is the government's request for a money judgment against Woodruff.  "The district courts of the United States at the instance of the United States shall have such jurisdiction . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws."  26 U.S.C. § 7402(a).  As Judge Conner has explained:

> If a taxpayer is liable to the IRS, the Government may proceed in district court to obtain a judgment for the amount assessed against the taxpayer. 26 U.S.C. § 7402(a). "It is well established that the IRS's tax calculations (including calculations of interest and penalties) are presumptively valid and create a prima facie case of liability, such that the Government is 'entitled to have the assessment reduced to judgment unless the taxpayer overcomes the presumption by the IRS that the assessment is correct.'" United States v. Chrein, 368 F. Supp. 2d 278, 282 (S.D.N.Y. 2005) (citing Chariot Plastics, Inc. v. United States, 28 F. Supp. 2d 874, 881 (S.D.N.Y. 1998)).  The burden is on the defendant to prove the invalidity of the tax assessment. Pizzarello v. United States, 408 F.2d 579, 583 (2d Cir. 1969); Chrein, 368 F. Supp. 2d at 282.

United States v. Sweeny, 418 F. Supp. 2d 492, 496 (S.D.N.Y. 2006); see also United States v. LaBombard, 107 F. Supp. 2d 57, 58 (D. Mass. 2000).  Based upon the foregoing, and the various facts that Woodruff has admitted, the United States is entitled to judgment as a matter of law on Count I of its complaint.

4

B. Count II

Count II is the government's request for enforcement of its liens against 65 Valley Street.  That request is based upon the following provision of the Internal Revenue Code:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof . . . the Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a).

Judge Barbadoro has explained the circumstances under which a federal tax lien arises:

> A federal tax lien arises against a taxpayer's property when three conditions are satisfied.  First, the government must make an assessment of a taxpayer's tax liability.  See 26 U.S.C.A. § 6203 (West 1989). Second, the government must issue a notice of the assessment and a demand for payment within 60 days after the assessment is made.  See 26 U.S.C.A. § 6303(a) (West 1989).  Third, the taxpayer must neglect or refuse to pay the full amount demanded.  See 26 U.S.C.A. § 6321 (West 1989).

United States v. Tempelman, 111 F. Supp. 2d 85, 90 (D.N.H. 2000) (footnotes omitted); see also United States v. Marciello, Civil No. 09-12089-JLT, 2013 WL 1282385, at *4 (D. Mass. Jan. 28, 2013) ("The lien typically arises 'at the time the assessment is made . . .'") (quoting 26 U.S.C. § 6322).

5

Here, it is undisputed that all the federal tax liens at issue in this case arose before Woodruff conveyed 65 Valley Street to himself and Patricia Woodruff in February of 2012. Thus, the court can discern no legal impediment to the enforcement of those liens. Accordingly, the government is entitled to judgment as a matter of law on Count II of its complaint.

## Conclusion

For the reasons detailed above, the government's motion for summary judgment, document no. 16, is granted. The clerk of the court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 26, 2014

cc: Andrea A. Kafka, Esquire
    Robert P. Woodruff, pro se
    Patricia Woodruff, pro se